**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wells Fargo Bank Minnesota, Inc. f/k/a Norwest Bank Minnesota, N.A.,

Plaintiff,

vs.

Lowe's Companies, Inc.,

Defendant.

**Civil No. 01-1548 PAM/JGL**

**STIPULATION AND ORDER TO AMEND COMPLAINT**

The parties hereto stipulate that Plaintiff shall be allowed to amend its Complaint as attached hereto.

Date: January 8, 2002

**FAEGRE & BENSON LLP**

Jerome A. Miranowski, #125593
Michael F. Cockson, #280549
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**ATTORNEYS FOR PLAINTIFF WELLS FARGO f/k/a NORWEST BANK MINNESOTA, N.A.**

JAN 10 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Date: January 9, 2002

**FREDRICKSON & BYRON, P.A.**

David R. Marshall, #184457
Gregory E. Karpenko, #286473
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
(612) 347-7000

**ATTORNEYS FOR DEFENDANT LOWE'S COMPANIES, INC.**

**ORDER**

It is so ordered.

Dated: Jan. 10, 2002

Jonathan Lebedoff
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wells Fargo Bank Minnesota, Inc. f/k/a
Norwest Bank Minnesota, N.A.,

Plaintiff,

vs.

Lowe's Companies, Inc.,

Defendant.

**Civil No. 01-1548PAM/JGL**

**COMPLAINT**

**(Jury Trial Demanded)**

---

Plaintiff, Wells Fargo Bank Minnesota, Inc. ("Wells Fargo"), by its attorneys, Faegre & Benson LLP, as and for its Amended Complaint against Defendant Lowe's Companies, Inc. ("Lowe's"), states and alleges as follows:

**INTRODUCTION**

1. In this action, Wells Fargo, as secured creditor and as assignee, seeks to recover amounts due and owing under an account receivable pledged by its borrower, Cannon Valley Woodwork, Inc. ("Cannon Valley"), to secure Cannon Valley's indebtedness to Wells Fargo.

**PARTIES**

2. Wells Fargo (f/k/a Norwest Bank Minnesota N.A.) is a national banking association with business offices located in Minnesota.

3. Cannon Valley is a Minnesota corporation, whose principal place of business was South Highway 52, Cannon Falls, Minnesota. Cannon Valley was engaged, among other things, in the manufacture and sale of unfinished wood cabinetry. Upon information and belief, Cannon Valley is no longer doing business.

4. Lowe's is a North Carolina corporation with principal offices located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697. Lowe's is engaged, among other things, in the retail sale of home improvement merchandise, including unfinished home cabinetry.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter and personal jurisdiction over Lowe's pursuant to 28 U.S.C. § 1332.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) .

**THE CREDIT AND SECURITY AGREEMENT**

7. Wells Fargo and Cannon Valley entered into a Credit and Security Agreement dated July 20, 1994 as amended or modified by First Amendment to Credit Agreement dated November 1996; Second Amendment to Credit and Security Agreement dated January 13, 1998; Revolving Note Modification and Third Amendment to Credit and Security Agreement dated February 3, 1998; Fourth Amendment to Credit and Security Agreement dated August 31, 1998; Fifth Amendment to Credit and Security Agreement dated January 30, 1999; and Sixth Amendment to Credit and Security Agreement dated August 13, 1999 (collectively, "Credit Agreement").

8. Pursuant to the Credit Agreement, Wells Fargo has from time to time extended credit to Cannon Valley for use in Cannon Valley's business.

9. To secure Cannon Valley's payment and other obligations under the Credit Agreement, Cannon Valley granted to Wells Fargo an Article 9 security interest in all of Cannon Valley's personal property (the "Collateral") including, but not limited to, Cannon Valley's accounts receivable.

10. The Credit Agreement defines an Event of Default to include, among other things, any failure of Cannon Valley to make payment of any principal or interest due and owing to Wells Fargo.

11. Upon the occurrence of an Event of Default, the Credit Agreement authorizes Wells Fargo to take immediate possession of the Collateral of Cannon Valley.

12. The Credit Agreement further authorizes Wells Fargo, at any time after the occurrence of an Event of Default, to notify any account debtor on any account receivable of Cannon Valley that Cannon Valley's right to payment has been assigned to Wells Fargo as security, and that all payments on account of the account receivable shall be made directly to Wells Fargo. In addition, the Credit Agreement authorizes Wells Fargo to make demand upon such account debtor, and to commence suit, in its own name, to collect any amounts payable on account of such account receivable.

## CANNON VALLEY'S DEFAULT

13. Cannon Valley is currently in default under the terms of the Credit Agreement for, among other reasons, failure to make principal and interest payments due and owing under the terms of the Credit Agreement.

14. Pursuant to the terms of the Credit Agreement, Wells Fargo has declared a default, and has made demand upon Cannon Valley for immediate payment in full of all amounts due and owing to Wells Fargo. As of May 22, 2000, there was due and owing to Wells Fargo under the Credit Agreement principal and interest in the amount of $6,001,515.38, together with interest on such amount, which continues to accrue at the contractual rate.

15. Despite Wells Fargo's demands, Cannon Valley has failed, refused and/or neglected to make payment in full amounts due and owing under the Credit Agreement.

16. Pursuant to the terms of the Credit Agreement and an Order for Replevin dated June 23, 2000 granting Wells Fargo immediate possession of certain of Cannon Valley's property, Wells Fargo has taken possession of certain Collateral, including Cannon Valley's accounts and accounts receivables.

17. A part of said collateral is an account receivable owing from Lowe's to Cannon Valley ("Lowe's Receivable").

**LOWE'S INDEBTEDNESS TO CANNON VALLEY**

18. From time to time, Cannon Valley delivered unfinished wood cabinets and other goods to Lowe's pursuant to request. Lowe's has failed, refused or neglected to pay for such goods.

19. Upon information and belief, as of the date of this complaint, Lowe's is indebted to Wells Fargo, as secured creditor and as assignee of Cannon Valley's rights under the Lowe's Receivable, in the total principal amount of $365,113.95 for unfinished wood cabinets and other goods shipped by Cannon Valley and accepted by Lowe's, together with interest, which has accrued and continues to accrue at the invoiced rate.

20. The Credit Agreement provided that Wells Fargo would advance funds to Cannon Valley up to the amount of the "Borrowing Base." The Borrowing Base was up to 85% of the "Eligible Inventory," which included accounts receivable from Lowe's. In other words, Wells Fargo had an asset-based lending relationship with Cannon Valley such that loans were made directly as a result of balances owed by entities such as Lowe's. In or about April 2000, Wells Fargo and Lowe's had communications regarding Lowe's outstanding

obligations to Cannon Valley and Wells Fargo's interests and rights relating to these obligations. Specifically, Christine Gandy of Lowe's confirmed to Mark Johnson of Wells Fargo that certain open invoices by Lowe's were due and owing to Cannon Valley, subject only to a 1.5% "prompt payment" discount. Ms. Gandy did not claim that any other discounts or offsets applied to Lowe's obligations on the outstanding invoices.

21. On April 18, 2000, Ms. Gandy confirmed her statements to Mr. Johnson by faxing an invoice register, indicating that Lowe's open invoices with Cannon Valley were due and owing, subject to a 1.5% prompt payment discount. Again, Ms. Gandy did not claim any other offset or discount in her confirmation that Lowe's was obligated for the open invoices with Cannon Valley.

22. Ms. Gandy knew or should have known that Mr. Johnson intended to rely, and in fact relied, on the information she provided.

23. Pursuant to the terms of the Credit Agreement and in accordance with Minn. Stat. §§ 336.9-318 and 336.9-502, Wells Fargo has made demand upon Lowe's for direct payment to Wells Fargo of all amounts due and owing under the Lowe's Receivable.

24. Despite Wells Fargo's demands, Lowe's has failed, refused and/or neglected to make payment to Wells Fargo on the Lowe's Receivable.

## COUNT I

## BREACH OF CONTRACT

25. Wells Fargo incorporates and realleges all preceding allegations of the Complaint as though set forth herein.

26. Wells Fargo, as secured creditor and as assignee of the Lowe's Receivable, has an immediate right to payment of all amounts due and owing under the Lowe's Receivable.

27. Between December of 1999 and May of 2000, Cannon Valley manufactured, shipped and delivered to Lowe's wood cabinets and other goods, which Lowe's accepted and for which Lowe's agreed to pay. This agreement constituted a contract.

28. Upon information and belief, Cannon Valley has fully performed all of its obligations in connection with the manufacture, shipment and delivery of such goods, and is entitled to immediate payment of all amounts due and owing on account of same.

29. Wells Fargo, as secured creditor and assignee of Cannon Valley's rights in the Lowe's Receivable, has properly made demand upon Lowe's for payment in full of all amounts due and owing to Cannon Valley under the Lowe's Receivable. Despite Wells Fargo's demands, Lowe's has failed, refused and/or neglected to make payment to Wells Fargo in breach of Lowe's contractual obligation.

30. As a direct and proximate result of Lowe's conduct as described above, Wells Fargo has been damaged in the approximate amount of $365,113.95.

## COUNT II
## MISREPRESENTATION

31. Wells Fargo incorporates and realleges all preceding allegations of the Complaint as though set forth herein.

32. Lowe's supplied false information to Wells Fargo to guide Wells Fargo in its own business transaction of ascertaining the amount of Lowe's obligations to Cannon Valley. Indeed, if, as Lowe's alleges, significant offsets other than the 1.5% discount for prompt payment applied, Ms. Gandy's representations that Lowe's was obligated on the outstanding invoices subject only to the 1.5% prompt payment discount were necessarily false.

33. Lowe's made representations without knowing whether they were true and/or failed to use reasonable care or competence in obtaining the information regarding Lowe's obligations to Cannon Valley or communicating that information to Wells Fargo.

34. Wells Fargo relied on the information provided by Lowe's by lending $310,348.86 to Cannon Valley based on $365,113.95 of accounts receivable confirmed by Lowe's.

35. Wells Fargo was justified in relying on that information.

36. Wells Fargo has suffered damages in the amount of $310,348.86 together with interest and costs.

**COUNT III**

**PROMISSORY ESTOPPEL**

37. Lowe's made a clear and definite promise to Wells Fargo regarding the amounts it owed to Cannon Valley.

38. Lowe's intended to induce reliance and Wells Fargo did, in fact rely on that promise to its detriment.

39. The promise must be enforced to prevent injustice.

WHEREFORE, Wells Fargo respectfully requests judgment against Lowe's as follows:

1. For damages in an amount to be proven at trial before a jury.

2. For prejudgment interest.

3. For its costs, disbursements and attorneys fees incurred in pursuit of this action.

4. For such other and further relief as the Court may deem just, fair and equitable under the circumstances of this case.

Date: January 8, 2002

**FAEGRE & BENSON LLP**

Jerome A. Miranowski, #125593
Michael F. Cockson, #280549
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**ATTORNEYS FOR PLAINTIFF WELLS FARGO f/k/a NORWEST BANK MINNESOTA, N.A.**