UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wells Fargo Bank Minnesota, N.A.,

Plaintiff,

v.

Lowe's Companies Inc.,

Defendant.

Civ. File No. 01-1548 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss for lack of jurisdiction. For the reasons that follow, Defendant's Motion is granted.

**BACKGROUND**

Non-party Cannon Valley Woodwork, Inc. ("Cannon Valley"), a Minnesota corporation, provided kitchen cabinetry to Defendant Lowe's Companies, Inc. ("Lowe's"), for sale in Lowe's chain of home-improvement stores. Lowe's is headquartered and incorporated in North Carolina, and there are no Lowe's stores in Minnesota. Plaintiff Wells Fargo Bank of Minnesota ("Wells Fargo") loaned Cannon Valley money and in return took a security interest in Cannon Valley's accounts receivable. When Cannon Valley defaulted on the loan, Wells Fargo took possession of the accounts receivable. Wells Fargo now claims that one of the accounts receivable is money that Lowe's owed to Cannon Valley, and Wells Fargo seeks to recover that money.

FILED MAR 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR 29 2002
DEPUTY CLERK

Wells Fargo's original Complaint claimed only that Lowe's had breached its contract with Cannon Valley by refusing to pay money it owed to Cannon Valley. After Lowe's moved to dismiss this count based on the forum-selection clause in the contract, which requires that all claims arising out of the contract be brought in the courts of Wilkes County, North Carolina, Wells Fargo amended its Complaint. In addition to the breach of contract claim, the Amended Complaint also raises claims of promissory estoppel and misrepresentation. Lowe's now contends that the breach of contract claim must be dismissed pursuant to the forum-selection clause and that, in any event, the Court does not have personal jurisdiction over Lowe's. Wells Fargo seems not to dispute that the forum-selection clause applies to the breach of contract claim. However, Wells Fargo argues that the Court has jurisdiction over the remaining claims and should exercise supplemental jurisdiction over the breach of contract claim.

## DISCUSSION

### A. Personal Jurisdiction

Once a defendant has challenged a federal court's in personam jurisdiction, the plaintiff bears the burden of presenting a prima facie case that such jurisdiction exists. Aero Sys. Eng'g, Inc. v. Opron, Inc., 21 F. Supp. 2d 990, 995 (D. Minn. 1998) (Tunheim, J.). Where personal jurisdiction is challenged at the pretrial stage, as here, all evidence must be viewed in the light most favorable to the plaintiff and all factual disputes must be resolved in the plaintiff's favor. Id. Doubts as to whether a court has personal jurisdiction over an

individual or entity should be resolved in favor of retaining jurisdiction. Hunter-Keith, Inc. v. Gen. Elec. Credit Corp., Civ. No. 4-84-804, 1987 WL 8592, at * 4 (D. Minn. Apr. 1, 1987) (Rosenbaum, J.).

The general test for deciding whether a federal court may exercise personal jurisdiction over a civil defendant is well known. First, the court must determine whether the forum state's long-arm statute subjects the defendant to jurisdiction. Second, the exercise of jurisdiction must comport with the due process requirements of the Fifth Amendment. Where the relevant state long-arm statute extends as far as due process allows, as does Minnesota's, the two inquiries are codeterminate. See Minn. Stat. § 543.19; Dotmar, Inc. v. Niagra Fire Ins. Co., 533 N.W.2d 25, 29 (Minn. 1995) (describing reach of Minnesota's long-arm statute). In order to satisfy due process, a defendant must have "minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant's "contacts" with the forum state generally must not arise due to mere fortuity, but must arise because of the defendant's "purposeful availment" of the privilege of conducting activities in the state. See Hanson v. Denkla, 357 U.S. 235, 253 (1958); Digi-Tel Holdings, Inc. v. ProTeq Telecomm., Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

1. General Jurisdiction

General personal jurisdiction is present whenever a defendant's contacts with the

forum state are so "continuous and systematic" that it may be sued in the forum over any controversy, whether or not the cause of action has any relationship to the defendant's activities within the State. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). This standard is met for citizens of the forum state; for others, the standard is usually exacting and difficult to meet. See Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir. 1993) (noting that general jurisdiction is falling into growing disfavor as the doctrine of specific jurisdiction broadens). Here, there is no argument that Lowe's is subject to the general jurisdiction of the Court.

2. Specific Jurisdiction

The exercise of personal jurisdiction may be appropriate even in the absence of general jurisdiction if the Court has specific jurisdiction over Lowe's. If Lowe's has purposely directed activities at residents of the forum and the litigation results from "alleged injuries that 'arise out of or relate to' those activities," a finding of specific jurisdiction is appropriate. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (citing Helicopteros, 466 U.S. at 414).

Wells Fargo asserts that specific jurisdiction lies for its claims of misrepresentation and promissory estoppel. According to Wells Fargo, Wells Fargo contacted Lowe's to discuss Lowe's account with Cannon Valley. During that conversation, Lowe's allegedly told Wells Fargo that Lowe's owed Cannon Valley certain money, subject only to a prompt payment discount. Subsequently, Lowe's faxed documents to Wells Fargo that allegedly

reiterated this statement. Lowe's now claims that it does not owe any money to Cannon Valley.

Wells Fargo argues that the Court may exercise jurisdiction over Lowe's using the so-called "effects" test first articulated by the Supreme Court in Calder v. Jones, 465 U.S. 783, 789-90 (1984). The effects test applies when the defendant directed its actions towards the forum, or when the defendant intended that its actions would cause harm in the forum. See Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd. Partnership, 34 F.3d 410 (7th Cir. 1994). The effects test examines both the quality of the contacts and the connection between those contacts and the cause of action.

In this case, it is clear that Lowe's did not direct any actions toward Minnesota and therefore could not have intended to cause harm in Minnesota. Rather, Wells Fargo contacted Lowe's, and in response to a request from Wells Fargo, Lowe's faxed a single document to Wells Fargo in Minnesota. These actions can hardly be said to be directed toward Minnesota. Wells Fargo overlooks the requirement that, in order for personal jurisdiction to lie, the non-resident defendant must have purposely directed activities toward the forum state. Oriental Trading Co. v. Firetti, 236 F.3d 938, 943 (8th Cir. 2001). Lowe's did not purposely direct anything toward Wells Fargo in Minnesota, and the exercise of jurisdiction on this basis is not proper.

Wells Fargo also contends that the exercise of jurisdiction is appropriate because of extensive contacts between Lowe's and Cannon Valley. However, in order for these contacts

to be relevant, Wells Fargo's claims must arise out of these contacts. Wells Fargo's misrepresentation and promissory estoppel claims[1] arise solely out of a contact between Wells Fargo and Lowe's, and thus any contacts between Lowe's and Cannon Valley are simply not relevant for the purposes of the effects test.

The Court does not have jurisdiction over Lowe's. Thus, the Complaint will be dismissed so that Wells Fargo may refile it in the North Carolina state courts.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court concludes that it does not have jurisdiction over Defendant. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 12) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 29, 2002

Paul A. Magnuson
United States District Court Judge

[1] As noted above, Wells Fargo seems to concede that its breach of contract claim may only be brought in this Court if the Court exercises jurisdiction over the remaining claims and decides to exercise supplemental jurisdiction over the breach of contract claim.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995